

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Railroad Commission of Texas
Austin, Texas

Gentlemen:

> Opinion No. O-3492
> Re: Whether Commission may refuse
> to accept for filing applica-
> tions for certificates and
> permits to operate over roads
> not yet established and an-
> other similar question.

Your letter of May 2, 1941, reads as follows:

"The Commission in the past and the pres-
ent has experienced the situation of having ap-
plications for permit to operate buses for pub-
lic hire and trucks for public hauling filed
with it over routes or roads that are not yet
established and which may or may not ever be
established, and such applications remain upon
file until such road or route either comes into
existence and is constructed or else is never
constructed.

"Recently in connection with the Defense
program the Commission has had filed with it
applications for permits to operate bus lines
to and from purported locations of training
camps which may or may not be located at such
designated points as the termini of such line.
Whenever the report is circulated that such and
such a location will be the site of the construc-
tion of a training camp, the Commission is im-
mediately flooded with applications and in view
of the fact that such applicants, of course,
are required to prove necessity and convenience
before such application can be passed upon, will
you please answer the following question.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Railroad Commission of Texas, Page 2

"Question: Can the Commission refuse to accept for filing such applications for permits until such sites or termini have been definitely located or established?"

In the case of Southwestern Greyhound Lines, Inc., v. Railroad Commission et al, 147 S. W. (2d) 318, decided on December 31, 1940, motion for rehearing denied on January 29, 1941, the Austin Court of Civil Appeals held that the Motor Bus Act, being Article 911a, Vernon's Annotated Civil Statutes, limits the jurisdiction of the Railroad Commission in granting original certificates to highways actually constructed and open to public traffic at the time the certificates are granted. Both the Railroad Commission and the Sabine-Neches States, Inc., filed applications for writ of error in said cause and such applications are still pending before the Supreme Court of Texas, no action thus far having been taken on such applications by the Supreme Court. If an application for a permit or certificate is otherwise sufficient we do not believe the Railroad Commission should refuse to accept the same for filing on the ground that authority is sought to operate over highways which have been projected but which have not been constructed and are not open to public traffic. We think it advisable for such applications to be accepted and filed and unless too long a time passes before the Greyhound case is decided by the Supreme Court the same should be permitted to rest on the docket undisposed of until the Supreme Court takes action in that case. However, if such an application shows on its face that the route over which it is sought to operate is not even a designated public road or highway it is our opinion that the Commission would be acting within its authority in refusing to accept such application for filing.

We will now concern ourselves with the second part of your opinion request. If the application shows on its face that the location of the training camp has not been fixed, such that it is impossible for the Commission to ascertain from the application just what road or highway the operation would be over it is our opinion that the Commission would be acting within its authority in rejecting the application. We are not willing to go further than the above expressions in attempting to answer so general a question. Each individual application will have to be gauged by its

own contents and it is impossible to lay down a general rule by which the such individual applications could be properly tested.

APPROVED JUN 5, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:LM



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN